UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN MURILLO-BARRIGA (4),<br><br>  Defendant. | No.  11-CR-0108-EFS-4<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF PRISON SENTENCE** |

Before the Court, without oral argument, is Defendant Martin Murillo-Barriga's *pro se* Motion for Reconsideration of Prison Sentence.  ECF No. 736.  Defendant asks the Court to reconsider his 200-month prison sentence because he is a non-violent, first-time offender who did not know the law and was not able to "act appropriately in regards to timely admission of guilt."  ECF No. 736. Defendant also relies on the holding in *Nelson v. United States*, 555 U.S. 350 (2009), that the Sentencing Guidelines are not to be presumed reasonable, to argue that the Court should apply the 18 U.S.C. § 3553 criteria and sentence Defendant "based on [his] individual self."  ECF No. 736.  Having reviewed the pleading and the file in this matter, the Court is fully informed and denies the motion.

After a jury trial at which Defendant was found guilty of all counts, ECF No. 522, Defendant was sentenced to 200 months

ORDER - 1

imprisonment, and Judgment was entered. ECF No. 648. Defendant filed an appeal to the Ninth Circuit Court of Appeals, which affirmed, holding that sufficient evidence supported Defendant's conviction and that Defendant's sentence was within this Court's discretion and was not substantively unreasonable. Slip Opinion, ECF No. 720. After his appeal was resolved, Defendant filed a *pro se* motion under 18 U.S.C. § 3582 seeking a sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 726. The Court denied that motion, finding that Amendment 782 did not affect Defendant's Guideline range. ECF NO. 729. The instant motion followed.

There is no legal basis for Defendant's motion for reconsideration. Final judgment has been entered and the direct appeal process has concluded with the Ninth Circuit affirming the sentence imposed. ECF Nos. 648 & 721. At the sentencing hearing, the Court articulated the nature and circumstances of the offense, Defendant's history and characteristics, the available sentences, the need to avoid unwarranted sentencing disparities, the applicable Sentencing Guideline range, and Defendant's role in the offense. Transcript of Sentencing Hearing, ECF No. 689 at 70-72. The Court exercised its discretion and varied from the Guideline range of life imprisonment to impose a lesser sentence of 200 months. *Id*. at 73. Therefore, any argument that the Court presumed the Sentencing Guideline range to be reasonable or failed to consider the 18 U.S.C. § 3553 factors as they applied to Defendant individually has no merit.

Cognizant of Defendant's *pro se* status and the need to construe his filing liberally, the Court considered whether his motion for

ORDER - 2

reconsideration should be construed as a motion under 28 U.S.C. § 2255. However, Defendant has not alleged that the sentence imposed violated the Constitution or laws of the United States, that the Court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or "that the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court declines to construe Defendant's motion as a motion under § 2255, finding that to do so would be futile.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration of Prison Sentence, **ECF No. 736**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Defendant.

**DATED** this   15th   day of April 2015.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\2011\0108.4.deny.mot.reconsider.sent.lc2.docx

ORDER - 3