AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-cr-0108-EFS-4 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARTIN MURILLO-BARRIGA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional—See bottom of next page.)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:  April 18, 2023

*Edward F. Shea*
UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

Defendant has served a little over 70% of his 200-month sentence. Recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of an inmate's § 3582(c)(1)(A) motion, the Court finds Defendant has not shown that extraordinary and compelling reasons warrant compassionate release. The Court therefore denies Defendant's motion on that basis and need not address the applicable § 3553(a) sentencing factors.

**Covid-19, Generally**. The Court does not discount the dangers associated with Covid-19, nor the difficulties prisons face in preventing and containing outbreaks. Even so, absent a showing that the requesting inmate is unable to safely receive the vaccine, the risk of Covid-19 in the prison setting cannot by itself serve as a basis for compassionate release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

**Defendant's Age & Health**.  Defendant is 46 years old.  In his motion, Defendant makes generalized references to "chronic conditions," but he identifies no specific medical conditions of concern, he provides no evidence of any such medical conditions, and the PSIR noted he had no known health concerns at the time of sentencing (aside from an addiction to methamphetamine).  Thus, although Defendant's age places him at a somewhat increased risk for severe Covid-19 outcomes, this fails to rise to the level of extraordinary and compelling reasons that would justify relief.

**Defendant's Other Arguments**.  Defendant fails to show any other extraordinary or compelling reasons that warrant a sentence reduction.  That Defendant's immigration status--like many other inmates--may render him ineligible for certain BOP programs or good-time credits does not amount to extraordinary circumstances.  And, contrary to his arguments otherwise, Defendant's 200-month sentence is not disproportionate, nor was it imposed to punish him for choosing to go to trial.  Rather, the term length resulted from the Court's careful consideration of the combined § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities with others who were otherwise similarly situated but had demonstrated a commitment to change and had provided substantial assistance to the government.